LENA K. SIMS, Bar No. 212904
lsims@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

JULIE A. STOCKTON, Bar No. 286944
jstockton@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
ULTA BEAUTY, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| TARINI FERNANDO, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA BEAUTY, INC. a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2019-00034485-CU-OE-CTL<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE GREGORY W. POLLACK, DEPT. C-71<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: July 3, 2019 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant ULTA BEAUTY, INC., ("Defendant") hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff TARINI FERNANDO ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. Defendant further denies that Plaintiff, or any alleged putative class member, has been injured or damaged in any way or because of any conduct, action, error, or omission on the part of Defendant or any agent, employee or other person acting under Defendant's authority or control. Additionally, Defendant denies that Plaintiff and/or any alleged putative class member is entitled to any legal or equitable relief in any amount or manner whatsoever from Defendant.

## DEFENSES

Defendant asserts the following affirmative and other defenses, which they have designated, collectively, as "Defenses." Defendant has not yet completed a thorough investigation or completed discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise, or supplement its Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study. Without waiving or excusing Plaintiff's burden of proof or admitting that Defendant has any burden of proof whatsoever, Defendant asserts the following separate and distinct defenses and affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Affirmative Defenses Asserted Against Each and Every Putative Class Member)

As a separate and distinct affirmative defense, and to each purported cause of action therein, without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth below against each and every member of the certified class.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each claim set forth therein, or some of them, fail to state facts sufficient to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

### (No Employment Relationship)

As a separate and distinct affirmative defense, Defendant alleges that there was no employment relationship between Plaintiff and Defendant Ulta Beauty, Inc., and therefore the Complaint and each of its purported causes of action fail to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

As a separate and distinct affirmative defense, and to each cause of action thereof, Defendant alleges that the applicable statute of limitation bars the purported causes of action asserted in the Complaint, in whole or in part, including but not limited to, 29 U.S.C. § 255, California Code of Civil Procedure sections 338, 339, 340, and Business and Professions Code section 17208.

## FIFTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges that the Complaint, and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because after-acquired evidence bars and/or reduces any remedies or damages, which Defendant denies are appropriate or available.

## SIXTH AFFIRMATIVE DEFENSE

### (De Minimis)

As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff and/or any putative class members seek to recover for alleged violations concerning overtime, missed meal periods, and/or missed rest breaks, such claims cannot be maintained because even

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1 assuming *arguendo* that Plaintiff and/or any putative class members are entitled to additional
2 compensation, such alleged violations, if any, are de *minimis*.

### SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

As a separate and distinct affirmative defense, Defendant alleges that any recovery by Plaintiff and/or any putative class member(s) is barred in whole or in part by the avoidable consequences doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and distinct affirmative defense, Defendant alleges that by virtue of Plaintiff's conduct, actions and statements, Plaintiff has waived any and all causes of action against Defendant asserted in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's express or implied consent to the conduct attributed to Defendant.

### TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense, Defendant alleges that, by virtue of Plaintiff's conduct, actions and statements, upon which Defendant reasonably relied, Plaintiff is estopped from asserting any right, claim or defense, if any, which she otherwise might assert against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Defendant is informed, believes, and thereon alleges that any of its conduct that is alleged to have been unlawful or improper was taken

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

because of Plaintiff's other wrongful conduct.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Doctrine of Laches)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred in whole or in part by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class members received all money owed to her and/or them and therefore any recovery by Plaintiff or any putative class members would be unjust and inequitable under the circumstances of the case, to the extent that Plaintiff and any of the putative class members have already received compensation for the claims alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Contractual/Administrative/Statutory Remedies)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to properly exhaust all of the contractual, administrative and/or statutorily required remedies prior to filing suit, and that such failure bars this suit in whole or in part.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff failed to exercise reasonable care to mitigate damages, if any, such as by reporting any allegedly missed meal and rest periods, or failure to provide timely or accurate wage statements, and that if it is determined that Plaintiff has the right to any recovery against Defendant, such recovery should be reduced and/or eliminated by such failure.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Offset)

As a separate and distinct affirmative defense, Defendant alleges that any award to

Plaintiff, and/or putative class member must be offset by the value of monies and/or benefits Defendant paid to Plaintiff that was not owed, and to the extent any sums are found due and owing to Plaintiff, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or the putative class members over and above their wages.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims fail because Plaintiff has been fully paid all amounts legally owed by Defendant, and by accepting the payments made to her, Plaintiff has effectuated an accord and satisfaction of her claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's FLSA claims are barred, in whole or in part, because Defendant at all times acted in good faith to comply with the FLSA and had reasonable grounds for believing it was in compliance with the FLSA. No act or omission of Defendant which is alleged to violate the FLSA was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiff therefore is not entitled to any extension of the two-year non-willful statute of limitations period.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

As a separate and distinct affirmative defense, Defendant alleges that even assuming *arguendo* Defendant failed to comply with any provision of the Labor Code or the FLSA, which Defendant denies, Defendant substantially complied with the Labor Code and the FLSA, thus rendering an award of civil penalties or liquidated damages inappropriate under the circumstances. For the same reason, should the Court find a violation of the Labor Code or the FLSA occurred, and such violation gives rise to potential penalties or liquidated damages, the Court must exercise its

6.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

discretion and significantly discount or eliminate any potential penalties or liquidated damages owed by Defendant due to Defendant's good faith efforts to comply with both the Labor Code and the FLSA or substantial compliance with the Labor Code and the FLSA.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Meal and Rest Breaks – No Hindrance)

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for meal and rest breaks are barred, in whole or in part, because Defendant did nothing to prevent Plaintiff and putative class members from taking such breaks.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Bus. & Prof. Code § 17200 et seq. – No Injury)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members were properly compensated, were provided with all legally required rest breaks, were paid at least minimum wage for all hours worked, were paid overtime, and were provided with legally compliant wage statements. For that reason, they never suffered any injury such as to have standing to bring a cause of action pursuant to the Unfair Competition Law, Business & Professions Code sections 17200, et seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Waiver of Rights)

As a separate and distinct affirmative defense, Defendant alleges that civil penalties pursuant to Labor Code sections 226.7 and 512 are inappropriate because, to the extent, if any, that Plaintiff or any class member did not take rest breaks because she/they: (1) voluntarily elected not to take rest breaks; or (2) waived her/their right to rest breaks.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Comply with Policies)

As a separate and distinct affirmative defense, Defendant alleges that any damages suffered were the result of failure by Plaintiff and/or the putative class members to comply with the reasonable expectations of Defendant and/or follow Defendant's reasonable instructions and/or policies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Injury)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that Plaintiff and/or the putative class members are not entitled to any penalties because they did not suffer injury as a result of a knowing and intentional failure by Defendant to comply with California Labor Code § 226(a).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Intent or Knowledge)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that, even assuming *arguendo* that Plaintiff and/or the putative class were not provided with a proper itemized statement of wages and deductions, or that an electronic wage statement does not comply with the Labor Code, Plaintiff and/or the putative class are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

As a separate and distinct affirmative defense, Defendant alleges that, should any wages be found to be due Plaintiff and/or the putative class members, there is a bona fide dispute as to the obligation to pay such wages and, therefore, no waiting time penalty can be awarded under section 203 of the Labor Code.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Violation)

As a separate and distinct affirmative defense, Defendant alleges that, should any wages be found to be due Plaintiff and/or the putative class members, no waiting time penalty can be awarded under section 203 of the Labor Code because Defendant did not willfully or intentionally fail to pay any such wages.

///
///

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

8.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Discontinued Violations)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's prayer for penalties and relief under California Business and Professions Code sections 17200, *et seq.*, is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to reoccur.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Violation of Due Process Rights)

As a separate and distinct affirmative defense, Defendant alleges that the prosecution of this action as a class action, or a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Adequate Remedies at Law)

As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff is asserting claims for equitable relief, such claims are barred, in whole or in part, on the grounds that Plaintiff has adequate remedies at law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (No Basis for Attorneys' Fees and Costs)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Inadequate Representative)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff fails to satisfy the prerequisites to pursue a representative action, and cannot adequately represent the interests of the putative class members as to each purported cause of action and, therefore, lack standing as a

1 | representative of the proposed class.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Class Treatment is Inappropriate)

As a separate and distinct affirmative defense, Defendant alleges that that this suit may not properly be maintained as a class action because: (a) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) individual issues are predominant; (d) Plaintiff cannot satisfy the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (e) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; and (f) Plaintiff lacks standing to assert some or all claims

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Action – No Damages)

As a separate and distinct affirmative defense, Defendant alleges that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling could/would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and every cause of action therein is barred by the doctrines of collateral estoppel and/or res judicata because of previous putative class action settlement agreements by Defendant Ulta Salon, Cosmetics & Fragrance, Inc. in the actions respectively titled, *Sarah Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Case No. CV 12-3224 FMO (AGRx), *Quinby et al v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Case no. CV-15-499 WHO, *Elizabeth Wise v. Ulta Salon, Cosmetics & Fragrance Inc.*, Case No. CV 17-00853 DAD (EPG) (E.D. Cal., filed on June 23, 2017), consolidated with *Julie Zepeda v. Ulta Salon, Cosmetics & Fragrance Inc.*, Case No. CV 18-00750 DAD (BAM) (C.D. Cal., filed on November 13, 2017), and the resolution of claims to be submitted for preliminary approval

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

10.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

before the court in *Raycheal Tellez v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Case No. CV 18-2480 CAB (LL) (S.D. Cal., filed on October 5, 2018).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Work Performed Is Exempt)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims and those of the purported California class and collective are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(b) of the FLSA, 29 U.S.C. § 213(b).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Collective Action – Not Similarly Situated)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a cognizable claim under 29 U.S.C. § 216 for the maintenance of a collective action, including but not limited to Plaintiff's failure to establish that she is similarly situated to any other member of her purported collective.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Knowledge, Authorization, Ratification)

As a separate and distinct affirmative defense, Defendant alleges that Defendant is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, such conduct was without the knowledge, authorization, or ratification by Defendant.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Preliminary and Postliminary Activities Not Compensable)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to her principal activities, or otherwise deemed to be non-compensable by the Act.

///
///

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

11.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## FORTIETH AFFIRMATIVE DEFENSE

### (Good Faith Actions In Reliance On Department Of Labor)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith Actions Based On Reasonable Grounds)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Affirmative and Additional Defenses Apply to Alleged Class or Collective Action Members)

As a separate and distinct affirmative defense, Defendant alleges that any and/or all of Defendant's affirmative and additional defenses may also apply to any claims alleged by any member of Plaintiff's proposed collective and/or class

## RESERVATION OF ADDITIONAL DEFENSES

Defendant alleges that because the Complaint is couched in conclusory terms, all defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved. In addition, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

///
///

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

12.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing and that the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded its attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

4. That Defendant be awarded such other, further relief as the Court deems just and proper.

Dated: August 12, 2019

*/s/ Lena K. Sims/*

LENA K. SIMS
JULIE A. STOCKTON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ULTA BEAUTY, INC.

FIRMWIDE:165700540.1 059310.1173

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

13.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT